THE SEEFAHRER.

(District Court, N. D. California. November 25, 1904.)

No. 13,298.

1. SHIPPING—SHORTAGE OF CARGO—EXPLANATION OF WEIGHTS GIVEN IN BILL OF LADING.

Bills of lading, which, although containing formal recitals of the weight of a commodity received, also contain a clause, "Weight, measure and contents unknown," are not conclusive against the vessel as to the exact weight; and the uncontradicted testimony of the master and mate that the commodity was not weighed when taken on board, and that all that was actually received was delivered, is sufficient to exonerate the ship from liability for a prima facie shortage.

In Admiralty. Suit to recover for short delivery of cargo.

Powell & Dow, for libelants.
William P. Humphreys, for respondent.

DE HAVEN, District Judge. This is a libel to recover damages for an alleged short delivery of freight shipped at Antwerp on the German ship Seefahrer. The bills of lading issued by the master acknowledged the receipt on board the Seefahrer for delivery at San Francisco of 145,503 pounds of canary seed and 5,649 pounds of poppy seed; but, in addition to this general statement of weight, they also contain the printed clause, "Weight, measure and contents unknown." The vessel delivered at San Francisco 138,743 pounds of canary seed and 4,331 pounds of poppy seed, and, in addition to this, tendered to the libelants 2,955 pounds of canary seed, which they refused to receive on account of its damaged condition. I am satisfied from the evidence that the condition of this rejected seed was such that the libelants were not bound to receive it, and were justified in abandoning the same to the ship.

This disposed of, the only question that remains is whether the ship is liable for the nondelivery of the 1,318 pounds of poppy seed and the remaining 3,805 pounds of canary seed, necessary to make the full weight named in the bills of lading. The libelants offered no evidence as to the number of pounds of seed actually received on board the Seefahrer, other than the bills of lading. In answer to this, the claimants called the master and mate of the ship as witnesses, and they testified that the seed was not weighed when put on board of the Seefahrer at Antwerp, that many of the sacks were not full of seed at that time, and that all of the seed actually received by the ship was delivered or tendered to the libelants at San Francisco, with the exception of a few pounds which may have been consumed by rats during the voyage. This evidence, uncontradicted as it is, must be accepted as true, and is sufficient to discharge the vessel from its prima facie liability to deliver the full number of pounds stated in the bills of lading. The bills of lading, containing, as they do, the clause, "Weight, measure and contents unknown," are not conclusive upon the ship as to the number of pounds of freight shipped, but are open to explanation. The case of Planters' Fertilizer Mfg. Co. v. Elder, 101 Fed. 1001, 42 C. C. A. 130, is in point. In that case the court said:

"As the bills of lading in the present case, although containing formal recitals of specific weights, which were made, probably, for the purpose of determining the amount of freight to be paid, were indorsed in one case, 'weight and quantity unknown,' and in the other, 'weight unknown,' there can be no question that the same are open to explanation in regard to the exact amount of goods delivered to the ship; and, as the bills of lading accompanied the drafts drawn by the shippers and paid by the consignee, the consignee was undoubtedly charged with notice that the recitals of weights contained in the bills of lading were purely formal."

See, also, The Ismaele (D. C.) 14 Fed. 491.

The ship is undoubtedly responsible for the value of the seed eaten by rats during the voyage, but that 5,100 pounds of seed were thus consumed is extremely improbable. In my opinion, $50 would cover all the damage sustained from this cause.

The libelants' loss on account of the failure of the ship to deliver in good condition the 2,955 pounds of canary seed actually shipped was $181.75.

It follows from this that the libelants are entitled to recover as damages the sum of $231.75 and costs. So ordered.